IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 24-cv-01601-REB

LAQUESHA NEWSON,

    Plaintiff,

v.

MARTIN J. O'MALLEY, Commissioner of Social Security,

    Defendant.

## ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION

**Blackburn, J.**

The matter before me is **Defendant's Motion To Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6)** [#16],[1] filed October 15, 2024. Plaintiff filed a response to the motion ([#18], filed October 28, 2024); defendant did not file a reply. Having reviewed the briefs and considered the apposite arguments and authorities, I find and conclude plaintiff failed to file her appeal in the time and manner prescribed by law, and therefore her claims must be dismissed as barred by limitations.

The law is clear: "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." ***Federal Deposit Insurance Corp. v. Meyer***, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994). Where the government has consented to be sued, the terms of its consent define the boundaries of the court's jurisdiction. ***Id.***, 114 S.Ct. at 1000. **See also *United States v. Mitchell***, 463

---

[1] "[#16]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

As applied in this context, that proscription means that any suit seeking review of a final decision of the Acting Commissioner must be commenced within sixty days after the mailing of notice of the right to appeal.[2]  **See** 42 U.S.C. §§ 405(g) & 405(h); 42 U.S.C. § 1383(c)(3) (adopting section 405(g) standards for purposes of judicial review of decisions under Title XVI).  Although this bar operates as a statute of limitations rather than a jurisdictional bar, because it is a condition on the government's waiver of sovereign immunity, it nevertheless must be strictly construed.  **Bowen v. City of New York**, 476 U.S. 467, 478-79, 106 S.Ct. 2022, 2029-30, 90 L.Ed.2d 462 (1986); **Gossett v. Barnhart**, 139 Fed. Appx. 24, 25 n.1 (10th Cir. May 19, 2005), **cert. denied**, 126 S.Ct. 453 (2005); **Miles v. Colvin**, 2014 WL 2533814 at *1 (W.D. Okla. June 5, 2014).

On June 14, 2023, an Administrative Law Judge ("ALJ") issued a decision denying plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act.  (**Def. Motion App.**, Levin Decl. ¶ (3)(a) at 3 & Exh. 1.) Plaintiff requested review of this decision by the Appeals Council.  On October 26, 2023, the Appeals Council mailed notice to plaintiff of its denial of her request for review and advising her of her right to commence a civil action "in the United States District Court for the judicial district in which you live" within 60 days of receipt of the notice.

---

[2]  Barring evidence to the contrary, the date of receipt is presumed to be five days after the date of notice.  **See** 20 C.F.R. §§ 404.901, 416.1401, 422.210(c).  **See also Gossett v. Barnhart**, 139 Fed. Appx. 24, 26 (10th Cir. May 19, 2005); **cert. denied**, 126 S.Ct. 453 (2005).

(*Id.*, Levin Decl. ¶ (3)(a) at 3 & Exh. 2 at 2.)  Plaintiff's appeal thus was due to be filed in this court no later than January 2, 2024, sixty-five days from the date the notice was mailed.  *See* 20 C.F.R. §§ 416.1401 & 422.210(c).  Because this action was not commenced until June 7, 2024, plaintiff's appeal is untimely.

While the court retains discretion to equitably toll the statute of limitations in appropriate circumstances, **see United States v. Clymore**, 245 F.3d 1195, 1198 (10th Cir. 2001), "[f]ederal courts have typically extended equitable relief only sparingly," **Irwin v. Department of Veterans Affairs**, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  **Holland v. Florida**, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (citation and internal quotation marks omitted).  The second prong of the test "is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control."  **Menominee Indian Tribe of Wisconsin v. United States**, 577 U.S. 250, 257, 136 S.Ct. 750, 756, 193 L.Ed.2d 652 (2016) (emphasis in original).

Plaintiff, who is proceeding pro se, claims she is entitled to equitable tolling because she previously filed a timely pro se appeal on December 8, 2023, which was docketed as **Thomas v. No Named Defendant**, Civil Action No. 23-cv-03246-SBP.[3]  Plaintiff claims that "[f]or unknown reasons that complaint was docketed under plaintiff's

---

[3] The case was docketed as "No Named Defendant" because plaintiff only filed a notice she had received from the Social Security Administration, rather than a complaint in the form required by the Local Rules.  **D.C.COLO.LCivR** 5.1(c).

3

maiden name and with an old address." (**Resp.** ¶ 3 at 1.)

Yet it is absolutely plain why the case was thus docketed – plaintiff initiated the action by filing a "Supplemental Security Income Notice" which was addressed to "Laquesha Thomas" at an address in Aurora, Colorado. (**See Letter** [#1], filed December 8, 2023, in Civil Action No. 23-cv-03246.)  When orders directing plaintiff to cure deficienices in her putative pleadings were returned as undeliverable at that address, the court dismissed the case.  Among the reasons given for the dismissal was plaintiff's failure to provide a then-current address.  **See D.C.COLO.LCivR** 5.1(c), (party must provide court with notice of change of address within five days of the change).[4] **See Smith v. United States**, 561 F.3d 1090, 1096 (10th Cir. 2009) (pro se party must follow same rules of procedure as other litigants); **Segura v. Shrader**, 2021 WL 11684171 at *1 (D. Colo. July 8, 2021) (same).

The failure to provide the court with a correct name and address clearly were not matters beyond plaintiff's control.  Accordingly, I find and conclude it would be inappropriate to exercise my discretion to equitably toll limitations in this instance. Dismissal thus is required.

**THEREFORE IT IS ORDERED** as follows:

1.  That **Defendant's Motion To Dismiss Pursuant to Federal Rules of Civil**

---

[4] In an analogous situation, where a plaintiff misaddresses mail which results in the missing of a filing deadline, federal courts routinely find equitable tolling unwarranted. **See, e.g.**, **Perea v. Soelle**, 375 Fed. Appx. 800, 800 (9th Cir. April 15, 2010); **Torres v. Vasquez**, 2017 WL 3841762 at *6 (C.D. Cal. April 19, 2017), **adopted**, 2017 WL 3841767 (C.D. Cal. Aug. 30, 2017); **Stokes v. United States**, 2014 WL 5198746 at *4 (M.D. Ala. Oct. 14, 2014); **Amerson v. Stevenson**, 2012 WL 2856516 at *2 n.1 (D.S.C. July 11, 2012), **appeal dismissed**, 504 Fed. Appx. 217 (4th Cir. Jan. 9, 2013); **United States v. Wences-Adame**, 2011 WL 2436119 at *1 (M.D. La. June 15, 2011); **Bryant v. Bock**, 2009 WL 281049 at *9 (D. Ariz. Feb. 3, 2009).

**Procedure 12(b)(6)** [#16], filed October 15, 2024, is granted; and

    2.  That this appeal is dismissed.

Dated November 25, 2024, at Denver, Colorado.

                                            **BY THE COURT:**

*[Signature: Bob Blackburn]*

Robert E. Blackburn
United States District Judge